# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

ANDREA WEBB, )
)
    Petitioner, )
)
v. ) Case No. CV615-067
) CR613-005
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Andrea Webb pled guilty to wire fraud conspiracy charges in 2013 and, pursuant to her plea agreement's appeal waiver, took no appeal. The Court entered judgment against her on January 8, 2014, doc. 34, so her conviction became final on January 22, 2014. Fed. R. App. P. 4(b)(1)(A)(i) (notices of appeal in criminal cases must be filed within 14 days of entry of judgment); *Adams v. United States*, 173 F.3d 1339, 1343 n. 2 (11th Cir. 1999). She moves for § 2255 relief. Doc 42. She signed that motion on June 17, 2015. *Id.* at 13. That's well beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(1); *Spencer v. United States*, 773 F.3d 1132, 1175 (11th Cir. 2014).

Webb unsurprisingly does not now oppose the Government's Motion to Dismiss on untimeliness grounds, doc. 49; *see also* L.R. 7.5 (no response means no opposition). It therefore should be **GRANTED**, doc. 49, and her § 2255 motion (doc. 42) should be **DISMISSED WITH PREJUDICE.**[1]

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA–worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

---

[1] Webb did move this Court to extend her limitations period. Doc. 40 (filed within the one-year period). But as the Government properly points out, nothing prevented her from formally filing a placeholder §2255 motion and requesting supplementation. *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011) ("By determining that it would likewise be premature to consider the merits of Hernandez's motion to equitably toll the one-year limitation period, the court correctly found that such a request would not be ripe for consideration until Hernandez filed a habeas action."), cited in *Jackson v. Warden at Ironwood State Prison*, 2015 WL 5445998 at * 2 (C.D. Cal., Sept. 16, 2015) (collecting cases). Hence, her extension motion is **DENIED**. Doc. 40. The Court also **DENIES** as moot her *in forma pauperis* motion, doc. 44, since no fee is collected on § 2255 motions. *Bing v. United States*, 2015 WL 4092699 at * 1 (S.D. Ga. July 6, 2015).

**SO REPORTED AND RECOMMENDED** this  18th  day of May, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA